UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ PENSION FUND,            Civil Action No.: 1:18-cv-1377
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP AND SAFETY FUND
                                                COMPLAINT
                        Plaintiffs,

       -against-

ABLE BUILDING MAINTENANCE CO. A/K/A
ABLE ENGINEERING SERVICES

                        Defendant.
-------------------------------------------------------------------------X

Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Pension Fund ("Pension Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund"), and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), collectively referred to herein as the "Funds", as and for their Complaint against Able Building Maintenance Co. a/k/a Able Engineering Services ("Defendant"), respectfully allege as follows:

**NATURE OF ACTION**

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund and an employee annuity benefit fund, for contractual and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions to the Funds by electronic transfer as per the contractual and statutory requirements. This Complaint alleges that by failing,

refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due as per the Funds' rules and regulations, Defendant violated its collective bargaining agreement, the trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29

U.S.C. § 1132(d)(1)). The purpose of the Funds is, inter alia, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health, pension, legal services, and training benefits to those employees eligible to receive them. Each of the Funds maintains its office and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was, and continues to be, a California for-profit corporation, having a principal place of business at 868 Folsom Street, San Francisco, California 94107, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

7. The Funds repeat and reallege each allegation set forth in paragraphs 1 through 6 as if fully set forth herein.

8. The Agreements require Defendant to periodically contribute sums of money to the Funds to provide covered employees with health insurance, annuities and other benefits.

9. Pursuant to the collective bargaining agreements, there became due and owing to

Funds from Defendant benefit contributions from, in relevant part, January 1, 2012, to date.

10. The Defendant has fallen delinquent in its contributions owed to the Funds, although all contributions have been duly demanded and the Funds have been damaged in the amount to be determined.

11. For the period January 1, 2012, through the date of this filing, Defendant failed to pay the Funds no less than $530,506.81 in required contributions, in violation of the Agreements.

12. The failure, refusal or neglect of Defendant to make the required contributions to Plaintiffs Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries

13. Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, plus interest, liquidated damages, the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

14. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreement.

16. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

17. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the Plaintiffs the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

18. For the period January 1, 2012, through the date of this filing, Defendant failed to pay to the Funds no less than $530,506.81 in required contributions, in violation of ERISA.

19. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

WHEREFORE, plaintiff Funds demand judgment:

a. against Defendant for payment of all past due contributions to date, in an amount of not less than $530,506.81,

b. against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA § 502(g)(2) and the Agreement,

c. against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) and the Agreement,

d. against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

  e. for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
    February 15, 2018

                   Raab, Sturm & Ganchrow, LLP

                   By: _____
                   Ira A. Sturm (IS-2042)
                   Attorneys for Plaintiffs Funds
                   2125 Center Avenue
                   Suite 100
                   Fort Lee, New Jersey
                   (Tel) 201-292-0150
                   (Fax) 201-292-0152